ORIN J. LATHROP, APPELLANT, V. HENRY SCHLAUGER: FIRST NATIONAL BANK OF BAYARD, APPELLEE.

FILED DECEMBER 31, 1924.   No. 22939.

Chattel Mortgages: SALE BY MORTGAGOR: ASSIGNMENT OF PROCEEDS. Where mortgagee authorizes mortgagor to sell a crop of sugar

beets on which the mortgage is a lien, with the understanding that the proceeds of the sale shall be applied on the mortgage debt, it being the duty of the purchaser as a party to the arrangement to turn such proceeds over to mortgagee, the transaction, after the authorized sale has been made and the beets delivered, if conducted in good faith, may amount to an equitable assignment of the purchase money, a fund not thereafter subject to garnishment for the satisfaction of a judgment in favor of another creditor of mortgagor.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Fred T. Nichols,* for appellant.

*E. F. Carter, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

ROSE, J.

This is a controversy between a judgment creditor and a mortgagee over proceeds of the sale of mortgaged chattels. In the county court of Morrill county Orin J. Lathrop, plaintiff, procured a judgment August 12, 1920, against Henry Schlauger, defendant, for $490.10 on a promissory note. An execution on the judgment was returned unsatisfied August 27, 1920. Plaintiff summoned the Great Western Sugar Company, garnishee, December 23, 1920, for the purpose of subjecting $444.13 in its hands to the payment of the judgment. The garnishee paid the money into court. The First National Bank of Bayard, intervener, claimed the fund. The claim arose in the following manner: Defendant owed intervener $1,200.31, evidenced by two promissory notes maturing November 15, 1920, one for $889.05 and the other for $311.26. Defendant had secured these notes by chattel mortgage. One species of property mortgaged was a growing crop of sugar beets. When the crop was ready for market, intervener authorized defendant to sell and deliver the beets to garnishee with the understanding that the proceeds should be applied on any unpaid in-

debtedness evidenced by the notes. Defendant sold and delivered the crop of beets to garnishee. Intervener received a considerable portion of the proceeds, but there remained in the hands of the garnishee December 23, 1920, $444.13, the subject of plaintiff's garnishment. The county court found that intervener was owner of the fund and dissolved the garnishment. Plaintiff appealed to the district court with the same result, and from there he has appealed to the supreme court.

The question presented by the record is the ownership of the fund when the garnishee was summoned December 23, 1920. Assuming, but not deciding, that the mortgage lien did not follow the crop into the proceeds of the sale and that intervener waived the lien and substituted the personal obligation of defendant for the mortgage, the judgment from which the appeal is taken is not necessarily erroneous. There is another principle involved. Did defendant in good faith part with, and intervener legally acquire, the right to the purchase price of the beets before the purchaser was summoned as garnishee? The judgment in favor of plaintiff was not a lien on the crop or on the proceeds of the sale of the beets. He did not levy his unsatisfied execution on any property of defendant before proceeding by garnishment. Prior to service of the latter process, defendant and intervener, acting in good faith without any intention to defraud others, were free to dispose of the proceeds of the sale by contract. It may be inferred from the evidence in its entirety that, before the writ of garnishment was served, defendant and intervener entered into an agreement to apply the purchase price of the crop on the unpaid notes which the chattel mortgage had been given to secure, and that garnishee had agreed to this arrangement. Defendant, therefore, did not own the proceeds of the sale of his crop, and it was the duty of garnishee, a party to the transaction, to turn the unpaid purchase money over to intervener. In this view of the evidence, the transaction, conducted in good faith, as it was, amounted to an equitable assignment of the purchase

price to intervener.   It did not thereafter belong to defendant and was not subject to garnishment in the hands of the purchaser.   The transfer occurred when defendant had a right to make it.   Lack of knowledge on the part of plaintiff did not make the garnishment effective.  The process of the court was used to impound property which the defendant, the judgment debtor, did not own.   The decision of the district court conforms to these views.

AFFIRMED.